IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, ) | 1: 06-CV-1095 AWI DLB PC |
| )  Plaintiff, ) | ORDER DENYING MOTION TO VACATE JUDGMENT |
| v. ) | |
| ) | (Document #6) |
| CALIFORNIA CORRECTIONAL ) INSTITUTION, ) | |
| ) | |
| )  Defendants. ) | |

On August 21, 2006, Plaintiff filed a complaint against prison officials. On October 3, 2007, the court dismissed the complaint because Plaintiff had not exhausted available administrative remedies prior to filing suit. See 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003). The Clerk of the Court entered judgment the same day. On October 26, 2007, Plaintiff filed a motion to vacate judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The proof of service attached to this motion indicates it was given to prison officials for mailing on October 12, 2007.

Rule 59(e) allows a motion to alter or amend judgment if filed no later than 10 days after entry of judgment. Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist.

No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  This showing is a "high hurdle."  Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001).  A judgment is not properly reopened "absent highly unusual circumstances."  Id.  Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

The court has reviewed Plaintiff's motion.  The motion contains no argument, evidence, or legal authority on why amendment or alternation to the judgment is necessary.  Thus, Plaintiff's motion fails on its face.

Accordingly, Plaintiff's motion to vacate judgment is DENIED.

IT IS SO ORDERED.

**Dated:   December 20, 2007**             /s/ Anthony W. Ishii
                                                           UNITED STATES DISTRICT JUDGE

2